# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY LEE BRIGGS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAVID FENSTERMAKER, et al.,<br><br>　　　　Defendants. | Case No. 1:23-cv-00146-JLT-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING THE COMPLAINT<br><br>(ECF No. 1)<br><br>**DEADLINE: TWENTY-ONE DAYS** |

Plaintiff Johhny Lee Briggs ("Plaintiff"), a state prisoner (BU6282) proceeding *pro se*, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on January 31, 2023, against David Fenstermaker ("Fenstermaker"), the Community Regional Medical Center ("CRMC"), and the Medical Board of Examiners ("Board") (collectively, "Defendants"). (ECF No. 1.) The complaint is now before this Court for screening. For the reasons stated herein, the Court recommends that the complaint be dismissed, without prejudice, for failure to state a claim.

///

///

///

# I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Federal Rule of Civil Procedure ("Rule") 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief …." Fed. R. Civ. P. 8(a)(2). If the factual elements of a cause of action are present but are scattered throughout the complaint and not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8 is proper. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996). Thus, to comply with Rule 8, a complaint should clearly and fully set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." Id. Such notice pleading is required in federal court in order to "give the defendant fair notice of what the claim … is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly (Twombly), 550 U.S. 544, 555 (2007) (internal quotations omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal (Iqbal), 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. 544, 555 (2007)). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient …." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). Nonetheless, to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S.

at 678–79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969. Thus, where a plaintiff fails to "nudge [his or her] claims … across the line from conceivable to plausible[,]" the complaint is properly dismissed. Iqbal, 556 U.S. at at 680 (internal quotations omitted).

Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

On June 21, 2022, Plaintiff was arrested for numerous weapons charges and attempted murder with "great bodily injury assault." (ECF No. 1 at 3, 5.) However, Plaintiff alleges no weapons were booked as evidence in support of the weapons charges, nor forensic or ballistic reports; Plaintiff claims the Fresno Police suppressed this evidence. (Id. at 5) In addition, Plaintiff alleges the police suppressed hospital records pertaining to the alleged victim, Russel Lowe, who stayed at the hospital for 17 days until his death. (Id.) On July 8, 2022, Defendant Fenstermaker, a Fresno Police Department Officer, filed a second amended criminal complaint against Plaintiff, in which he amended the charge for attempted murder to first degree murder, but he did not first give Plaintiff notice of the amended charges. (Id. at 4–5.) Plaintiff alleges Mr. Lowe did not die as a result of his actions, but suffered a wrongful death due to medical malpractice and professional negligence at the hospital. (Id. at 5.) Plaintiff alleges he suffered "personal injury" from the amended criminal charges that arose from the wrongful death of Mr. Lowe, his wrongful arrest and unlawful detainer, and sentencing "pursuant to Assembly Bill 620,"[1] and seeks an award of monetary damages for false arrest. (Id. at 4–5.)

In addition, Plaintiff indicates he is a convicted and sentenced state prisoner at Wasco

---

[1] California Senate Bill 620 is legislation relating to sentencing enhancements in felony cases for firearm use.

3

State Prison ("WSP") (id. at 2, 4); Plaintiff engaged the prison grievance process through the second level of appeals, and the final result is "pending" as of the date Plaintiff initiated this lawsuit (id. at 6–7); and Plaintiff is suing all three Defendants in their official capacity only. (Id. at 2–3.)

## III.

## DISCUSSION

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. 42 U.S.C. § 1983; Long v. Cnty. of L.A., 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim under § 1983, a plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Benavidez v. Cnty. of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021) (citing Long, 442 F.3d at 1185; West v. Atkins, 487 U.S. 42, 48 (1988)). This requires the plaintiff to demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934; see also Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)) (a deprivation occurs if the defendant "does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do"). In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of his federal rights. Moreover, the complaint must allege that each defendant acted with the requisite state of mind to violate the underlying constitutional provision. OSU Student All. v. Ray, 699 F.3d 1053, 1070 (9th Cir. 2012).

**A. Heck-Bar**

The Court finds Plaintiff has not alleged a cognizable claim because his claims run afoul of Heck v. Humphrey and are thus Heck-barred.

In Heck v. Humphrey, the Supreme Court held that,

> in order to recover damages for allegedly unconstitutional

4

> conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal…. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, 512 U.S. 477, 486–87 (1994). Therefore, if a judgment for Plaintiff on the § 1983 claim "would necessarily imply the invalidity of his conviction," id. at 487, Heck would bar Plaintiff from bringing his cause of action until his conviction was overturned. The Ninth Circuit has elaborated that Heck "precludes a section 1983 claim based on actions which would 'render a conviction or sentence invalid' where that conviction has not been reversed, expunged or called into question by issuance of a writ of habeas corpus." Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996). Thus, "if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." Id.

Here, Plaintiff alleges he was initially arrested for possession of a firearm and attempted murder with great bodily injury. (See ECF No. 1 at 4, 5.) After Mr. Lowe, the victim, died, Defendant Fenstermaker amended the criminal complaint to reflect a charge of murder, rather than attempted murder. (Id. at 4.) Plaintiff appears to challenge the nature of the criminal charges, and his ultimate conviction/sentence resulting therefrom. More specifically, Plaintiff challenges the weapons charge, alleging that this charge was unfounded because no weapons or forensic/ballistic reports were booked as evidence to support the weapons charge on the criminal complaint. (Id. at 5.) Plaintiff also challenges the upgrade from attempted murder to murder on his criminal complaint. Plaintiff indicates he was convicted of the amended charges, and is currently incarcerated on his conviction of these charges. Thus, Plaintiff has not completed serving his sentence on this challenged conviction. Nor does Plaintiff allege that he has successfully appealed the conviction and had it overturned. To the contrary, Plaintiff indicates that, in his still-pending grievance, he is seeking "emergency recall of commitment …" pursuant to A.B. 620. (Id. at 7.) Thus, Plaintiff is currently still in the process of challenging his sentence;

5

1  this allegation demonstrates Plaintiff's §1983 claims are premature.

2  Furthermore, even though in the requested relief section of his complaint, Plaintiff does not expressly seek to overturn the conviction,[2] based on its review of Plaintiff's allegations, the Court concludes Plaintiff impliedly seeks to "reverse, expunge or call into question" his conviction and sentence.  For example, Plaintiff repeatedly refers to Mr. Lowe's death as a "wrongful death," rather than a murder.  He appears to claim that, but for Defendants CRMC and the Board's "medical malpractice," Mr. Lowe would not have died and Plaintiff would not have been convicted of murder (though perhaps he would still be convicted of attempted murder). Thus, Plaintiff seeks monetary damages from these Defendants for the "personal injury" he sustained in the form of a harsher prison sentence resulting from the amended, more severe criminal charge of murder.  Prevailing on such a claim would necessarily imply the invalidity of Plaintiff's conviction or sentence for murder, rather than the lesser charge of attempted murder. Similarly, prevailing on his claim that he was wrongly arrested and charged for possession of a weapon directly calls into question Plaintiff's conviction for weapon possession and the related weapon enhancement.  Perhaps most directly, Plaintiff refers to his imprisonment as "unlawful detainer" and his sentence as "unauthorized" in the complaint, and notes the relief he sought in his prison grievance was the "emergency recall of commitment [due to] insufficient evidence [and] error in felony complaint[,] exculpatory evidence [and] medical records…."  (See ECF No. 1 at 7, 8.)  But Plaintiff must first raise any challenge to his arrest, prosecution, or conviction via a writ of habeas corpus.  Smithart, 79 F.3d at 952; see also Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding the exclusive method for a state prisoner to challenge his state court conviction or sentence in federal court is by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254). To the extent Plaintiff impliedly seeks to invalidate his arrest, prosecution or conviction, his claims are Heck-barred.  Dismissal is therefore warranted.

Furthermore, even if Plaintiff's claims were not Heck-barred, Plaintiff fails to allege facts sufficient to state any cause of action on which relief may be granted, as discussed herein.

---

[2] Instead, Plaintiff seeks an award of monetary damages for "false arrest of possession of firearm[;] punitive damages for personal injury of wrongful death and medical malpractice based on actual medical records and amended felony complaint."  (ECF No. 1 at 5.)

6

**B.     Official Capacity Claims (Monell)**

Plaintiff purports to sue Defendants in their official capacities only. (ECF No. 1 at 2–3.) Suing a public employee in his official capacity under § 1983 is equivalent to suing the entity itself. Kentucky v. Graham, 473 U.S. 159, 165–66 (1985). Therefore, claims asserted against individual defendants in their official capacities are construed as Monell claims. See id.

Local governmental units are considered "persons" within the meaning of § 1983. Will v. Mich. Dep't. of State Police, 491 U.S. 58, 70 (1989); Cnty. of L.A. v. Superior Ct., 68 Cal. App. 4th 1166, 1171 (1998). However, while local governmental units are considered "persons" within the meaning of § 1983, a local government unit may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690–91 (1978); see also Bd. of Cnty. Comm'rs v. Brown (Brown), 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not on the actions of its employees or officers. See Brown at 403.

As entities, Defendants CRMC and the Board may only be sued under a Monell theory of liability. However, Defendant Fenstermaker may be sued in his individual capacity, for actions he directly took against Plaintiff, or in his official capacity, to the extent Plaintiff intends to assert a Monell claim against the City of Fresno. See Sanders v. Aranas, No. 1:06-CV-1574 AWI SMS, 2008 WL 268972, at *3 (E.D. Cal. Jan. 29, 2008) (noting Fresno Police Department is a sub-division of the City of Fresno).

A Monell claim may be stated under three theories of municipal liability: (1) when official policies or established customs inflict a constitutional injury; (2) when omissions or failures to act amount to a local government policy of deliberate indifference to constitutional rights; or (3) when a local government official with final policy-making authority ratifies a subordinate's unconstitutional conduct. Clouthier v. Cnty. of Contra Costa, 591 F.3d 1232, 1249–50 (9th Cir. 2010).

The instant complaint, however, does not allege any facts related to any policy or custom; nor does Plaintiff allege any facts related to ratification. Plaintiff therefore fails to state a claim against CRMC, the Board, or the City of Fresno based on Monell liability. Since Plaintiff has

only asserted claims against Defendants in their official capacities, he fails to state any cognizable claim against any Defendant. Furthermore, the Court finds any amendment would be futile. Indeed, there are no allegations suggesting Plaintiff's case amounts to anything more than a "single occurrence of unconstitutional action by a non-policymaking employee."[3] McDade v. West, 223 F.3d 1135, 1141 (9th Cir. 2000) ("A plaintiff cannot demonstrate the existence of a municipal policy or custom based solely on a single occurrence of unconstitutional action by a non-policymaking employee.")); Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) (citing Monell, 436 U.S. at 691).

### C.  Claims Against Defendants CRMC and Board

In addition to the aforementioned pleading deficiencies, the instant complaint does not include any factual allegations against CRMC or the Board. Thus, Plaintiff fails to show what actions, if any, CRMC or the Board took to deprive Plaintiff of any federal or constitutional rights. It is therefore unclear what claim or claims Plaintiff is asserting against these Defendants. It is equally unclear what claims Plaintiff intends to pursue, as, when instructed to state "what federal constitutional or statutory right(s) … you claim is/are being violated by state or local officials," the complaint states "false arrests possession of firearm insufficient evidence, great bodily injury assault wrongful death." (ECF No. 1 at 3.) This response, which is fairly representative of the language in the complaint, is largely unintelligible. The complaint, therefore, runs afoul of Rule 8 and must be dismissed.

Furthermore, the Court notes no reasonable inferences may be drawn from the instant complaint to support a claim against these Defendants. For instant, the Court notes Plaintiff claims the cause of Mr. Lowe's death was medical malpractice (thus suggesting Plaintiff did not kill Mr. Lowe). Importantly, however, even if Mr. Lowe died due to medical malpractice while in the hospital and not the great bodily injury purportedly inflicted by Plaintiff, and even assuming the medical records relating to Mr. Lowe's treatment would show this (though Plaintiff has not alleged any of these facts), Plaintiff alleges the *Fresno Police* suppressed hospital records

---

[3] Furthermore, even in the event Plaintiff seeks to assert a claim against Defendant Fenstermaker in his personal capacity, the Court finds permitting amendment to sue Fenstermaker in his personal capacity would be futile for the additional reasons identified herein.

relating to the cause of death of Mr. Lowe; he does not allege that CRMC or the Board did so. Thus, Plaintiff fails to present any factual allegations to show that either CRMC or the Board had any involvement in his allegedly wrongful arrest, conviction, or imprisonment. Accordingly, Plaintiff fails to satisfy the linking requirement under § 1983, and he has not clearly shown why he is suing Defendants CRMC and the Board, so as to satisfy the notice pleading requirement under Rule 8. See Twombly, 550 U.S. at 555; McHenry, 84 F.3d at 1178.

In addition, to the extent Plaintiff is attempting to assert a medical malpractice claim against CRMC or the Board, the Court notes that such a claim is not viable. First, Plaintiff has not alleged facts showing how CRMC or the Board was involved in Mr. Lowe's treatment or medical records. More importantly, however, Plaintiff has not established he possesses standing to bring any claim arising from the wrongful death of Mr. Lowe. See Cal. Code Civ. Proc. § 377.30 (surviving causes of action of decedent may only be brought by decedent's successors-in-interest or personal representative).

Accordingly, Plaintiff fails to state any cognizable claim against Defendants Community Regional Medical Center and the Medical Board of Examiners.

**D.     Claims Against Officer Fenstermaker**

1.     False Arrest

The Fourth Amendment prohibits arrests without probable cause or other justification. Dubner v. City & Cnty. of S.F., 266 F.3d 959, 964 (9th Cir. 2001). An arrest is supported by probable cause if, under the totality of the circumstances, a prudent person would have concluded that there was a fair probability the suspect had committed a crime. Beck v. Ohio, 379 U.S. 89, 91 (1964); Luchtel v. Hagemann, 623 F.3d 975, 979 (9th Cir. 2010); Gillan v. City of San Marino, 147 Cal. App. 4th 1033, 1044 (2007) ("Probable cause exists when the facts known to the arresting officer would persuade someone of 'reasonable caution' that the person to be arrested has committed a crime."). Thus, to state a cognizable claim for false arrest, Plaintiff must allege facts showing that no probable cause existed to arrest him. See Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998).

As previously noted, Plaintiff appears to challenge the criminal charges, and his ultimate

conviction/sentence resulting therefrom. However, Plaintiff does not appear to challenge the arrest itself. That is, the Court can discern no factual allegation that there was no probable cause to support the initial arrest. Indeed, Plaintiff does not appear to dispute that he attacked Mr. Lowe in some manner. Instead, Plaintiff challenges the weapons charge, post-arrest, alleging that this charge was unfounded because no weapons or forensic/ballistic reports were booked as evidence to support the weapons charge on the criminal complaint. Plaintiff also challenges the upgrade from attempted murder to murder on his criminal complaint, but he does not appear to challenge the charge of attempted murder. Yet, any physical attack on another person would support a probable cause finding. Therefore, absent allegations challenging the existence of probable cause to arrest, Plaintiff has not alleged facts sufficient to state a claim for wrongful arrest.

2. False Imprisonment[4]

A claim for false imprisonment does not ordinarily state an independent claim under § 1983, absent a cognizable claim for wrongful arrest. See Baker v. McCollan, 443 U.S. 137, 142–45 (1979). As Plaintiff has not stated a claim for false arrest, he may not maintain an independent claim for false imprisonment.

**E.  Leave to Amend**

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," because "the court must remain guided by the underlying purpose of Rule 15 … to facilitate decisions on the merits, rather than on the pleadings or technicalities." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). Nevertheless, a district court need not grant leave to amend where the amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the party seeking amendment has acted in bad faith. Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). "The decision of whether to grant leave to amend nevertheless remains within the discretion of the district court." Id.

---

[4] While Plaintiff alleges "unlawful detainer," the Court construes this to be a claim for false imprisonment, based on its review of the factual allegations in the complaint.

Here, the complaint not only fails to allege facts sufficient to state any cognizable claim, but the face of the complaint also demonstrates the entirety of Plaintiff's claims are Heck-barred because Plaintiff remains incarcerated on the conviction that is the basis of the instant lawsuit, he has not successfully appealed to have the conviction overturned, and he is currently, in fact, challenging the terms of his sentence through the prison grievance system. See Cabrera, 159 F.3d at 380 (Heck bars claims of false arrest and false imprisonment until conviction invalidated). Absent invalidation of the conviction, amendment would be futile. See Beets v. Cnty. of L.A., 669 F.3d 1038, 1041–42 (9th Cir. 2012), disapproved of on other grounds, by Lemos v. Cnty. of Sonoma, 40 F.4th 1002 (9th Cir. 2022) (holding if a plaintiff's § 1983 claims are barred by Heck, "filing an amended complaint would be a futile act."); see also Vandament v. Duncan, 402 Fed. App'x. 224, 224 (9th Cir. 2010) (affirming district court's dismissal of Heck-barred claims without leave to amend "[b]ecause amendment would be futile"). Accordingly, leave to amend should be denied.

## IV.

## CONCLUSION AND RECOMMENDATIONS

For the foregoing reasons, the complaint fails to state any cognizable claim for violations of Plaintiff's constitutional rights. Furthermore, for the reasons previously discussed, the Court finds amendment would not cure aforementioned deficiencies and is therefore futile. Lopez, 203 F.3d at 1130; Cato, 70 F.3d at 1106.

Accordingly, IT IS HEREBY RECOMMENDED that

1. The complaint (ECF No. 1) be DISMISSED, without prejudice, for failure to state a claim; and

2. The Clerk of the Court be DIRECTED to CLOSE this action.

These findings and recommendations are submitted to the District Judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. **Within twenty-one (21) days** of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will review the

Magistrate Judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 9, 2023**

UNITED STATES MAGISTRATE JUDGE