# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY LEE BRIGGS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAVID FENSTERMAKER, et al.,<br><br>　　　　Defendants. | Case No. 1:23-cv-00146-JLT-SAB<br><br>AMENDED FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF FIRST AMENDED COMPLAINT<br><br>(ECF Nos. 1, 11, 13)<br><br>**DEADLINE: FOURTEEN DAYS** |

Plaintiff Johnny Lee Briggs ("Plaintiff"), a state prisoner (BU6282) proceeding *pro se*, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on January 31, 2023, against David Fenstermaker ("Fenstermaker"), the Community Regional Medical Center ("CRMC"), and the Medical Board of Examiners ("Board"). (ECF No. 1.) The Court screened the complaint, found Plaintiff's claims were <u>Heck</u>-barred, and issued findings and recommendations to dismiss the complaint, without prejudice. (ECF No. 11.) Plaintiff filed objections to the findings and recommendations indicating he was willing to dismiss certain claims and defendants but wished to proceed on his claims (ECF No. 12), then filed a first amended complaint ("FAC") (ECF No. 13). The FAC, which now purports to sue Defendants Fenstermaker and Heather Shirley

(collectively, "Defendants") (id. at 2), is currently before this Court for screening. For the reasons stated herein, the Court recommends that the FAC be dismissed, without prejudice, for failure to state a claim.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Federal Rule of Civil Procedure ("Rule") 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief …." Fed. R. Civ. P. 8(a)(2). If the factual elements of a cause of action are present but are scattered throughout the complaint and not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8 is proper. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996). Thus, to comply with Rule 8, a complaint should clearly and fully set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." Id. Such notice pleading is required in federal court in order to "give the defendant fair notice of what the claim … is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly (Twombly), 550 U.S. 544, 555 (2007) (internal quotations omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal (Iqbal), 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. 544, 555 (2007)). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient …." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d

1113, 1121 (9th Cir. 2012) (citations omitted). Nonetheless, to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678–79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969. Thus, where a plaintiff fails to "nudge [his or her] claims … across the line from conceivable to plausible[,]" the complaint is properly dismissed. Iqbal, 556 U.S. at 680 (internal quotations omitted).

As a general rule, the Court must limit its review to the operative complaint and may not consider facts presented in extrinsic evidence. See Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001). Materials submitted as part of the complaint, however, are not "outside" the complaint and may be considered. Id.; Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Moreover, the Court is not required to accept as true conclusory allegations which are contradicted by exhibits to the complaint or matters properly subject to judicial notice. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), amended on denial of reh'g, 275 F.3d 1187 (9th Cir. 2001); Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295–96 (9th Cir. 1998). A plaintiff can also "plead himself out of a claim by including unnecessary details contrary to his claims." Sprewell, 266 F.3d at 988. Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.

## COMPLAINT ALLEGATIONS[1]

The Court accepts Plaintiff's allegations as true only for the purpose of the *sua sponte*

---

[1] As an initial matter, the Court notes the FAC appears to allude to, but not re-allege, certain facts asserted in the original complaint. This may be based on a lack of understanding by Plaintiff that an amended complaint supersedes the original. It is also possible Plaintiff omitted certain factual allegations that the Court previously noted were contrary to his claims so as to avoid a second recommendation for dismissal. Accordingly, liberally construing the pleadings as incorporating the referenced allegations, and to provide some necessary context, the Court shall include the relevant allegations asserted in the original complaint herein.

screening requirement under 28 U.S.C. § 1915.

Plaintiff alleges that, on June 21, 2022, he was arrested for numerous weapons charges and attempted murder with "great bodily injury assault." (ECF No. 1 at 3, 5.) The alleged victim, Russel Lowe, died in the hospital 17 days later.[2] (Id. at 5.) On July 8, 2022, after Mr. Lowe's death, a second amended criminal complaint was filed against Plaintiff, in which the charge for attempted murder was amended to first degree murder. (Id. at 4–5.) Plaintiff appears to allege the amendments to the criminal complaint were made because of representations made by Defendant Fenstermaker, a Fresno Police Department Officer. (See ECF No. 13 at 3 (alleging, verbatim, "Defendant David Fenstermaker is not a prosecutor nor is the Fresno Police Department agency/officer, etc. authorized to duplicate file dismissed charges these actions omitted violates my rights.").) Plaintiff alleges "Defendant committed fraud by refiling amended felony complaint on behalf of Fresno Police Department injuring my right to due process speedy trial." (Id.) These facts are asserted in support of Plaintiff's first cause of action, titled "separation of powers constitutional violation … S.B. 262."[3] (ECF No. 13 at 3.)

Plaintiff alleges that, due to a "classification error and double jeopardy by commitment offense and enhancements, once dismissed reimposed unauthorizably [sic]," he is being unconstitutionally confined at the Wasco State Prison ("WSP") by the Warden, Defendant Shirley. (Id. at 2, 4.) Plaintiff claims he is being confined at WSP "illegally in excess of [an unspecified] confinement statute," which "breaches the contract to [Plaintiff's] total term imposed …." (Id. at 4.) Plaintiff asserts these facts in support of his second cause of action, for Eighth Amendment "excessive confinement" violations. (Id.)

In addition, Plaintiff indicates he is a state prisoner incarcerated at Wasco State Prison

---

[2] In the original complaint, Plaintiff alleged that Mr. Lowe did not die as a result of Plaintiff's actions, but due to medical malpractice and professional negligence at the hospital, but that the police suppressed these medical records in order to amend the charge in the criminal complaint against Plaintiff from attempted murder to murder. (ECF No. 1 at 5.)

[3] Plaintiff previously referred to Assembly Bill 620 in his complaint. (See ECF No. 1 at 4–5.) This seemed relevant to Plaintiff's original claims that he was wrongly charged with weapons possession, as California Senate Bill 620 is legislation relating to sentencing enhancements in felony cases for firearm use. California Senate Bill 262 is legislation relating to prohibiting costs relating to the conditions of release on bail from being imposed on persons released on bail, and require the return of certain amounts paid to a bail bondsman where an arrestee is ultimately dismissed or no charges are filed within 60 days of arrest.

("WSP") (see id. at 1); and Plaintiff engaged the prison grievance process through the final level of appeals for his claims (see id. at 3, 4).

Plaintiff alleges he suffered "personal injury" from the "excessive confinement" resulting from the classification errors and illegal sentence enhancements, and "Defendants' inaction to recall procedure." (Id. at 4.) He seeks unspecified injunctive relief, monetary damages, sanctions for malicious prosecution, and declaratory relief. (See id. at 5.)

### III.

### DISCUSSION

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. 42 U.S.C. § 1983; Long v. Cnty. of L.A., 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim under § 1983, a plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Benavidez v. Cnty. of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021) (citing Long, 442 F.3d at 1185; West v. Atkins, 487 U.S. 42, 48 (1988)). This requires the plaintiff to demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934; see also Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)) (a deprivation occurs if the defendant "does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do"). In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of his federal rights. Moreover, the complaint must allege that each defendant acted with the requisite state of mind to violate the underlying constitutional provision. OSU Student All. v. Ray, 699 F.3d 1053, 1070 (9th Cir. 2012).

**A.    Heck-Bar**

The Court finds Plaintiff has not alleged a cognizable claim because his claims run afoul of Heck v. Humphrey and are thus Heck-barred.

In Heck v. Humphrey, the Supreme Court held that,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal …. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, 512 U.S. 477, 486–87 (1994). Therefore, if a judgment for Plaintiff on the § 1983 claim "would necessarily imply the invalidity of his conviction," id. at 487, Heck would bar Plaintiff from bringing his cause of action until his conviction was overturned. The Ninth Circuit has elaborated that Heck "precludes a section 1983 claim based on actions which would 'render a conviction or sentence invalid' where that conviction has not been reversed, expunged or called into question by issuance of a writ of habeas corpus." Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996). Thus, "if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." Id.

Here, the FAC alleges less facts and appears more unintelligible than the original complaint; yet, the central thread of this civil action remains the same: Plaintiff claims he is wrongfully confined at WSP, and this wrongful confinement is the result of Officer Fenstermaker illegally pursuing criminal charges against Plaintiff, and Warden Shirley wrongfully refusing to release Plaintiff from prison. Thus, Plaintiff appears to challenge the nature of the criminal charges, his ultimate conviction, and the length of the sentence resulting therefrom.

Furthermore, even though in the requested relief section of his complaint, Plaintiff does not expressly seek to overturn the conviction, based on its review of Plaintiff's allegations, the Court concludes Plaintiff impliedly seeks to "reverse, expunge or call into question" his conviction and sentence. For example, Plaintiff characterizes the amended felony charges as "fraudulent" "malicious prosecution" and violative of his "right to a speedy trial." (ECF No. 13 at 3.) In addition, Plaintiff appears to suggest that, once dismissed, the felony complaint could

1 not legally be refiled or amended without running afoul of double jeopardy principles.  (See id. at

2 3, 4.)  Plaintiff also seems to argue the sentence he is currently serving is longer than it should be,

3 due to some "breach of contract" related to an unspecified "confinement statute" and Plaintiff's

4 "total term imposed."  (See id. at 4.)  Finally, Plaintiff seeks monetary damages from Defendants

5 for the "personal injury" he sustained in the form of either a longer prison sentence resulting from

6 the amended criminal complaint, or possibly being required to serve any prison sentence based on

7 the claim that the amended criminal complaint never should have been filed after charges were

8 initially dismissed.  Perhaps most directly, Plaintiff refers to his imprisonment as "excessive

9 confinement" and "being confined unconstitutionally," and his sentence as resulting from

10 "unauthorized" criminal charges and "illegal commitment enhancements."  (Id. at 4.)

11        Prevailing on such a claim would necessarily imply the invalidity of Plaintiff's conviction

12 or sentence for murder, rather than the lesser charge of attempted murder.  Heck, 512 U.S. at

13 486–87.  Thus, Plaintiff must first raise any challenge to his arrest, prosecution, or conviction via

14 a writ of habeas corpus.  Smithart, 79 F.3d at 952 ("There is no question that Heck bars [the

15 plaintiff's] claims that defendants lacked probable cause to arrest him and brought unfounded

16 criminal charges against him … If [plaintiff] wishes to challenge his arrest, prosecution or

17 conviction, he should file a writ of habeas corpus."); see also Preiser v. Rodriguez, 411 U.S. 475,

18 500 (1973) (holding the exclusive method for a state prisoner to challenge his state court

19 conviction or sentence in federal court is by filing a petition for writ of habeas corpus under 28

20 U.S.C. § 2254).  Even to the extent Plaintiff only challenges the length of his sentence, the

21 Supreme Court has held that, "when a state prisoner is challenging the very fact or duration of his

22 physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate

23 release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas

24 corpus."  Preiser, 411 U.S. at 500.

25       Here, Plaintiff's allegations indicate he was convicted of the amended charges, and is

26 currently incarcerated on his conviction of these charges.  But importantly, Plaintiff does not

27 allege that he has successfully appealed the conviction and had it overturned through writ of

28 habeas corpus.  Thus, to the extent Plaintiff impliedly seeks to invalidate his arrest, prosecution or

1   conviction, his claims are Heck-barred. Dismissal is therefore warranted.

2   Furthermore, even if Plaintiff's claims were not Heck-barred, Plaintiff fails to allege facts
3   sufficient to state any cause of action on which relief may be granted, as discussed herein.

4         **B.**      **Federal Rule of Civil Procedure 8**

5   As noted, Federal Rule of Civil Procedure ("Rule") 8(a) requires that a pleading contain
6   "a short and plain statement of the claim showing that the pleader is entitled to relief." See Iqbal,
7   556 U.S. at 678–79. Under notice pleading in federal court, the complaint must "give the
8   defendant fair notice of what the claim … is and the grounds upon which it rests." Twombly, 550
9   U.S. at 555 (internal quotations omitted). "This simplified notice pleading standard relies on
10  liberal discovery rules and summary judgment motions to define disputed facts and issues and to
11  dispose of unmeritorious claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).

12  Rule 8 requires "each averment of a pleading to be 'simple, concise, and direct.'" See
13  McHenry, 84 F.3d at 1177–79 (affirming dismissal of complaint that was "argumentative, prolix,
14  replete with redundancy, and largely irrelevant"). To comply with Rule 8, a complaint should
15  clearly and fully set forth "who is being sued, for what relief, and on what theory, with enough
16  detail to guide discovery." Id. at 1178. Further, "each claim founded on a separate transaction or
17  occurrence … must be stated in a separate count." Fed. R. Civ. P. 10(b); see also Hendrix v.
18  Health & Soc. Servs. of Solano Cnty., No. 2:15-cv-02689-MCE-EFB PS, 2017 WL 4004168, at
19  *5 (E.D. Cal. Sept. 12, 2017) (requiring "clear headings to delineate each claim alleged and
20  against which defendant"), report and recommendation adopted, 2017 WL 4340166 (E.D. Cal.
21  Sept. 29, 2017).

22  "Shotgun pleading occurs when one party pleads that multiple parties did an act, without
23  identifying which party did what specifically; or when one party pleads multiple claims, and does
24  not identify which specific facts are allocated to which claim." Hughey v. Camacho, No. 13-
25  2665, 2014 WL 5473184, at *4 (E.D. Cal. Oct. 23, 2014); see also Harrell v. Hornbrook Cmty.
26  Serv. Dist., No. 2:14-cv-01595-KJM-GGH, 2015 WL 5329779, at *10 (E.D. Cal. Sept. 10, 2015).
27  Thus, if the factual elements of a cause of action are present but are scattered throughout the
28  complaint and not organized into a "short and plain statement of the claim," dismissal for failure

to satisfy Rule 8 is proper. McHenry, 84 F.3d at 1178. Further, "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." Id. at 1179. Indeed, Rule 8(d)'s requirement that each averment of a pleading be "'simple, concise, and direct,' applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." Id.

The instant FAC is not simple, concise, or direct. Rather, the FAC is replete with legal conclusions against the Defendants and directs various unintelligible phrases against Defendants, often combined with legal jargon, such as the statement that Plaintiff suffered "personal injury of premises liability excessive confinement due process classification illegal commitment enhancement by Defendants['] inaction to recall procedure." (ECF No. 13 at 4.) See Zahir v. Mountcastle, No. 21-CV-1023, 2021 WL 1143381, at *3 (E.D. Pa. Mar. 25, 2021) ("other than irrelevant statements of legal fictions, Zahir asserts no facts to demonstrate any viable cause of action for money damages. Legal sounding but meaningless verbiage is nothing more than a nullity"). The FAC does not, however, allege facts showing the actions either Fenstermaker or Shirley took against Plaintiff. Further, while the majority of Plaintiff's complaint appears to be devoted to challenging his conviction and sentence, it remains unclear whether Plaintiff is actually asserting any other claims, as he makes general allusions to various unspecified "rights" without explanation throughout the complaint, such as the Eighth Amendment, S.B. 262, double jeopardy, due process, speedy trial, fraud, separation of powers, and breach of contract. (See generally ECF No. 13.)

Nor does Plaintiff articulate actions taken by each named Defendant. Instead, Plaintiff broadly alleges Defendant Warden Shirley "violat[ed] [his] rights" by excessively confining him in prison (id. at 4), and Defendant Officer Fenstermaker "violated [Plaintiff's] rights" by "represent[ing] [the Fresno Police Department's] interest in re-filed amended felony compliant … [of] dismissed charges" (id. at 3). Given this failure to allege his claims with the requisite specificity, it is unclear to the Court which actions Plaintiff is attributing to each Defendant. As a result, neither Defendant "can[] adequately prepare a defense…." Hughey, 2014 WL 5473184, at *4. This violates Rule 8, thus warranting dismissal.

### C. False Arrest/False Imprisonment

Even if Plaintiff's claims were not Heck-barred, to the extent he challenges his arrest and incarceration, Plaintiff fails to state a cognizable claim.

The Fourth Amendment prohibits arrests without probable cause or other justification. Dubner v. City & Cnty. of S.F., 266 F.3d 959, 964 (9th Cir. 2001). An arrest is supported by probable cause if, under the totality of the circumstances, a prudent person would have concluded that there was a fair probability the suspect had committed a crime. Beck v. Ohio, 379 U.S. 89, 91 (1964); Luchtel v. Hagemann, 623 F.3d 975, 979 (9th Cir. 2010); Gillan v. City of San Marino, 147 Cal. App. 4th 1033, 1044 (2007) ("Probable cause exists when the facts known to the arresting officer would persuade someone of 'reasonable caution' that the person to be arrested has committed a crime."). Thus, to state a cognizable claim for false arrest, Plaintiff must allege facts showing that no probable cause existed to arrest him. See Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998).

As previously noted, Plaintiff appears to challenge the criminal charges, and his ultimate conviction/sentence resulting therefrom. However, Plaintiff does not appear to challenge the arrest itself. That is, the Court can discern no factual allegation that there was no probable cause to support the initial arrest. Similarly, Plaintiff appears to challenge the filing of an amended felony complaint against him, but the reasons for the challenge are unclear. Absent further allegations, such as facts challenging the existence of probable cause to arrest, Plaintiff has not alleged facts sufficient to state a claim for wrongful arrest.

Relatedly, a claim for false imprisonment does not ordinarily state an independent claim under § 1983, absent a cognizable claim for wrongful arrest. See Baker v. McCollan, 443 U.S. 137, 142–45 (1979). As Plaintiff has not stated a claim for false arrest, he may not maintain an independent claim for false imprisonment.

### D. Eight Amendment Conditions of Confinement

The Eighth Amendment proscribes a freedom from cruel and unusual punishment. U.S. Const. amend. VIII. The prohibition of cruel and unusual punishment applies only after conviction and sentencing. Lee, 250 F.3d at 686. Plaintiff claims his Eight Amendment rights

are violated due to "excessive confinement." (ECF No. 13 at 4.) However, due to the lack of factual allegations, the Court cannot determine with certainty what basis Plaintiff asserts for his Eighth Amendment claim. For example, Plaintiff does not allege any facts describing how his confinement was "excessive," other than that his prison sentence is too long. Even if such allegations did not trigger Heck, Plaintiff does not allege facts showing why his sentence is too long, thus, he fails to allege sufficient facts to state a claim for an Eighth Amendment violation.

### E. Due Process

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). The due process clause of the Fourteenth Amendment protects two distinct but related rights: procedural due process and substantive due process. Albright v. Oliver, 510 U.S. 266, 272 (1994).

To state a procedural due process claim, Plaintiff must establish three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; and (3) lack of process." Portman v. Cnty. of Santa Clara, 995 F.2d 898, 904 (9th Cir. 1993).

To state a substantive due process claim, a plaintiff must plead both a deprivation of his liberty and conscience-shocking behavior by the government. Brittain v. Hansen, 451 F.3d 982, 991 (9th Cir. 2006). More specifically, a plaintiff "must plead that the government's action was 'clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare.' " Lebbos v. Judges of Superior Ct., 883 F.2d 810, 818 (9th Cir. 1989) (quoted source omitted). To meet the "arbitrary and unreasonable" element, a plaintiff may plead either: (1) an official acting with deliberate indifference to the risk of harm; or (2) a more demanding showing that the official acted with the purpose to harm the plaintiff for reasons unrelated to legitimate law enforcement objectives. Porter v. Osborn, 546 F.3d 1131, 1137 (9th Cir. 2008); Tatum v. Moody, 768 F.3d 806, 820 (9th Cir. 2014). Which test to apply depends on whether the circumstances are such that "actual deliberation is practical." Porter, 546 F.3d at 1137. Where the police officers have the opportunity for actual deliberation, id. at 1138, the

deliberate indifference standard would apply. Lemire v. Cal. Dept. of Corr. & Rehab., 726 F.3d 1062, 1075 (9th Cir. 2013).

Furthermore, the Supreme Court has held that if a constitutional claim is covered by a specific constitutional provision, such as the Fourth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." U.S. v. Lanier, 520 U.S. 259, 272, n.7 (1997) (citing Graham v. Connor, 490 U.S. 386, 394 (1989)); see also Cnty. of Sacramento v. Lewis, 523 U.S. 833, 842–43 (1998) (citing Graham, 490 U.S. at 395 ("*All* claims that law enforcement officers have used excessive force— deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach.") (emphases in original)); Price v. Sery, 513 F.3d 962, 967 (9th Cir. 2008) (claims alleging excessive force in making an arrest are analyzed under the Fourth Amendment "objective reasonableness" standard rather than under a substantive due process standard); Hazlett v. Dean, No. CIV 2:12-01782 WBS DAD, 2013 WL 1749924, at *2 (E.D. Cal. Apr. 23, 2013) (dismissing "generalized substantive due process claims under the Fourteenth Amendment" where the First and Fourth Amendments were "explicit textual sources of constitutional protection in this action").

Here, Plaintiff references the phrase "due process" and suggests some violation of this right occurred in some manner. However, as no facts are alleged in support of such a claim, it is unclear how Plaintiff contends his due process rights were violated. Furthermore, to the extent he claims his Fourteenth Amendment rights were violated based on his false arrest and imprisonment claim, Plaintiff's claim would arise from the Fourth, not Fourteenth Amendment.

### F. Double Jeopardy

Finally, the Court notes Plaintiff appears to claim his protections against double jeopardy were violated because the criminal complaint filed against him initially charged him with attempted murder, but that the complaint was later amended to charge first degree murder instead. The Court notes claims of double jeopardy are typically raised in habeas actions. Nonetheless, even if these allegations did not trigger Heck, Plaintiff's claim does not invoke double jeopardy.

"The [Fifth Amendment's] Double Jeopardy Clause is designed to protect the rights of the defendant, both against double punishment for the same offense, and against being twice put to trial for the same offense." U.S. v. Gamble, 607 F.2d 820, 823 (9th Cir. 1979) (citing Abney v. U.S., 431 U.S. 651, 660–61 (1977)); U.S. Const. amend. V. "As a general rule, trial on an offense is barred by prior trial and conviction of a lesser-included offense based on the same transaction." U.S. v. Stearns, 707 F.2d 391, 393 (9th Cir. 1983).

Here, however, Plaintiff does not allege he was convicted of attempted murder and then tried and convicted for first degree murder, nor does he allege he was tried for attempted murder, acquitted, and then tried for first degree murder. Thus, Plaintiff has not alleged facts showing that he is serving a double sentence for the same crime or was doubly prosecuted. In fact, Plaintiff does not allege any facts about his trial. Indeed, due to the scarcity of factual allegations in the FAC, the nature of Plaintiff's arrest, charges, conviction, and sentencing remain unclear. Nonetheless, the Court does note that, to the extent Plaintiff claims his sentence was improperly calculated or extended by the prison (or Warden Shirley), double jeopardy is inapplicable. See, e.g., Johnson v. Coursey, 487 Fed. App'x 327 (9th Cir. 2012) (holding the prohibition against double jeopardy does not apply to prison disciplinary sanctions); Sego v. Ricketts, 886 F.2d 334 (9th Cir. 1989) (holding re-computation of prisoner's sentence to omit good time credit for presentence incarceration did not constitute "multiple punishment" in violation of the double jeopardy clause). The Court therefore concludes the FAC does not implicate a claim under the double jeopardy clause.

### G. Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," because "the court must remain guided by the underlying purpose of Rule 15 … to facilitate decisions on the merits, rather than on the pleadings or technicalities." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). Nevertheless, a district court need not grant leave to amend where the amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the party seeking amendment has acted in bad faith. Leadsinger, Inc. v. BMG Music Publ'g,

512 F.3d 522, 532 (9th Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). "The decision of whether to grant leave to amend nevertheless remains within the discretion of the district court." Id.

In this case, the Court previously issued findings and recommendations that the complaint not only failed to allege facts sufficient to state any cognizable claim, but the face of the complaint also demonstrated the entirety of Plaintiff's claims are Heck-barred because Plaintiff remains incarcerated on the conviction that is the basis of the instant lawsuit, and he has not successfully appealed to have the conviction overturned. See Cabrera, 159 F.3d at 380 (Heck bars claims of false arrest and false imprisonment until conviction invalidated). In response to the Court's findings and recommendations, Plaintiff filed the FAC. While the FAC omits the majority of factual allegations previously pleaded, and has dropped entity defendants and claims the Court previously recommended be dismissed without leave to amend on alternative grounds, Plaintiff still fails to allege facts sufficient to state a cognizable claim, demonstrating he is unable to cure his pleading deficiencies through amendment. More importantly, the same fatal defects remain with respect to the Heck-bar. Namely, absent invalidation of the conviction, amendment would be futile. See Beets v. Cnty. of L.A., 669 F.3d 1038, 1041–42 (9th Cir. 2012), disapproved of on other grounds, by Lemos v. Cnty. of Sonoma, 40 F.4th 1002 (9th Cir. 2022) (holding if a plaintiff's § 1983 claims are barred by Heck, "filing an amended complaint would be a futile act."); see also Vandament v. Duncan, 402 Fed. App'x. 224, 224 (9th Cir. 2010) (affirming district court's dismissal of Heck-barred claims without leave to amend "[b]ecause amendment would be futile"). Accordingly, leave to amend should be denied.

## IV.

## CONCLUSION AND RECOMMENDATIONS

For the foregoing reasons, the first amended complaint fails to state any cognizable claim for violations of Plaintiff's constitutional rights. Furthermore, for the reasons previously discussed, the Court finds amendment would not cure aforementioned deficiencies and is therefore futile. Lopez, 203 F.3d at 1130; Cato, 70 F.3d at 1106.

///

Accordingly, IT IS HEREBY RECOMMENDED that

1. The first amended complaint (ECF No. 13) be DISMISSED, without prejudice, for failure to state a claim; and

2. The Clerk of the Court be DIRECTED to CLOSE this action.

These findings and recommendations are submitted to the District Judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  **Within fourteen (14) days** of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The District Judge will review the Magistrate Judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 6, 2023**

UNITED STATES MAGISTRATE JUDGE